UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BETTY BERNHART, FAUSTO BRITO,
CHARLES ROBERTS, and JORGE VIRUET,
individually and on behalf of all persons
similarly situated,

                                  Plaintiffs,                  13 Civ. 02935 (RPP)

           -against-

                                                                   **ORDER**

ASTA FUNDING, INC. ASTA JOHN/JANE
DOES 1-20, PALISADES COLLECTION, LLC,
GARY STERN, PALISADES COLLECTION
JOHN/JANE DOES 1-20, PRESSLER &
PRESSLER, LLP, RICHARD A. FRANKLIN,
RALPH GULKO, MITCHELL E. ZIPKIN, and
PRESSLER JOHN/JANE DOES 1-20

                                Defendants.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      At the end of a lengthy oral argument on December 3, 2013, (see Tr. of Proceedings re Conference Held on Dec. 3, 2013 (" 12/3/13 Tr.") at 47-48, ECF No. 60), this Court denied the motion of Defendants Asta Funding, Inc.; Palisades Collection, LLC; Gary Stern; Pressler & Pressler, LLP; Richard A. Franklin; Ralph Gulko; and Mitchell E. Zipkin (together, the "Defendants") to compel arbitration with the Plaintiffs. The Court cited two reasons for denying the Defendants' motion. First, the Court found that the Defendants had failed to establish that a binding agreement was made between any of the Plaintiffs and any of the Defendants requiring arbitration. (See 12/3/13 Tr. at 47.) See also Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010) ("[A] party seeking to invoke FAA § 4 must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to

put the making of that agreement in issue."). Second, the terms of the Sample Form Agreements proffered by Defendants would allow the Plaintiffs to bring this putative class action in a court of law because the Plaintiffs' action relates solely to the Defendants' debt collection practices. (See 12/3/13 Tr. at 47; Decl. of Karen F. Lederer, Esq., Ex. 1, Sample Form Agreement at 35, ¶ 5(a) ("[Y]ou or we may choose to pursue claims in court if the claims relate solely to the collection of any debts you owe to us.").) See also In re Spiegel Inc., et al., No. 03-11540, 2006 WL 2577825, at *10 n.4 (Bankr. S.D.N.Y. Aug. 16, 2006) ("relating to" is a "classically broad" term).

The Court also found that the Rooker-Feldman doctrine does not apply to preclude Plaintiff Jorge Viruet's claims. (See 12/3/13 Tr. at 47-48.) Mr. Viruet complains of injuries caused by the Defendants' misconduct in state court, and not by the state court judgment against Mr. Viruet itself, and therefore, the Rooker-Feldman doctrine does not apply. See Gabrielle v. American Home Mortgage Servicing, Inc., 503 F. App'x 89, 92 (2d Cir. 2012) (finding the Rooker-Feldman doctrine does not bar plaintiff's claims where plaintiff "does not complain of injuries caused by the state court judgment" but rather complains of "alleged litigation misconduct") (emphasis in original).

Accordingly, the Court denied Defendants' motion to compel arbitration and Defendants' motion to dismiss the claims against Plaintiff Jorge Viruet and held that the case should not "be delayed for any additional discovery." (12/3/13 Tr. at 48.)

IT IS SO ORDERED.

Dated: New York, New York
December _16_ 2013

Robert P. Patterson, Jr.
U.S.D.J.